UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

MIGUEL ANGEL HERNANDEZ
FIGUEROA,                                                              Petitioner,

v.                                                    Civil Action No. 4:26-cv-446-DJH

MIKE LEWIS, Jailer, Hopkins County Jail
et al.,                                                              Respondents.

* * * * *

## ORDER

On August 12, 2026, the Court ordered Respondents to release pro se petitioner Miguel

Angel Hernandez Figueroa, concluding that his detention violated due process.  (Docket No. 9)

On the same day, Respondents moved to set aside the Court's Memorandum and Order pursuant

to Federal Rule of Civil Procedure 60(b).  (D.N. 10)  In support of their motion, Respondents attach

an August 6, 2026 order by an immigration judge requiring Hernandez Figueroa to voluntarily

depart the United States "[u]nder safeguards" no later than September 8, 2026.  (D.N. 10-1,

PageID.65)  Respondents state that they "were not aware of the change in [Hernandez Figueroa]'s

detention authority status until August 12, 2026, after [this] Court's order was issued."  (D.N. 10,

PageID.63)

"Pursuant to 8 C.F.R. § 240.25(b), the granting of voluntary departure may include the

attachment of 'any conditions [deemed] necessary to ensure the alien's timely departure from the

United States, including the posting of a bond, continued detention pending departure, and removal

under safeguards.'"  *Ndong v. Oddo*, No. 3:26-cv-901, 2026 WL 1660100, at *1 (W.D. Pa. June

9, 2026) (alteration in original) (quoting 8 C.F.R. § 240.25(b)).  "'[V]oluntary departure with

safeguards' is commonly used to characterize the requirement that an alien remain in custody until

1

he or she departs from the United States." *Id.* (quoting *In re M-A-S-*, 24 I&N Dec. 762, 766 (B.I.A. 2009)).  Therefore, the immigration judge's order of Hernandez Figueroa's removal under safeguards may authorize his continued detention.  *See id.*  But the Court will defer ruling on Respondents' motion until Hernandez Figueroa has had an opportunity to respond.  *See Kindu v. English*, No. 3:26cv669 DRL-SJF, 2026 WL 2211001, at *1 (N.D. Ind. July 14, 2026) (vacating order granting habeas petition in light of information that the petitioner had received travel documents for his scheduled imminent removal but deferring ruling on the motion to alter judgment until the petitioner could respond).  Accordingly, and the Court being otherwise sufficiently advised, it is hereby

      **ORDERED** as follows:

(1)      The Court's August 12, 2026 Memorandum and Order (D.N. 9) is **VACATED**.

(2)      On or before **August 20, 2026**, Respondents **SHALL** file a status report advising the Court of the status of Hernandez Figueroa's removal.  Hernandez Figueroa may file a response to Respondents' motion (D.N. 10) on or before **August 24, 2026**.

August 13, 2026

**David J. Hale, Chief Judge**
**United States District Court**